THE UNITED STATES, PLAINTIFFS IN ERROR, v. JOSEPH B. WILKINSON, CHRISTOPHER ROSELIUS, JOHN L. LEWIS, LOUIS BRINGIER, MANDEVILLE MARIGNY, AND JOHN R. GRYMES.

Where the bill of exceptions purported to have been taken at April term, 1848, but the record showed that, at that time, no suit between the parties was pending, and that the trial took place in April, 1849, the date of 1848 must be considered as a clerical error. The certificate from the Circuit Court showed that the bill of exceptions was regularly allowed upon the trial, and this must be conclusive upon this court.

Where the suit was upon a postmaster's bond and the district-attorney offered to read in evidence an authentic copy thereof, which the court refused to receive, this refusal was erroneous.

Although the presumption of law is in favor of the correctness of the court below where no reasons appear, yet, in this case, the record itself shows the error. If there was any fact which made the copy of the bond inadmissible, it ought to have been shown by the defendants, and set forth in the exception.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Eastern District of Louisiana.

The facts are set forth in the opinion of the court.

It was argued by *Mr. Crittenden*, (Attorney-General,) for the United States, and by *Mr. Johnson*, with whom were *Mr. Benjamin* and *Mr. Micon*, for the defendants.

*Mr. Crittenden.* There is but a single question for this court to supervise and review, which is contained in the bill of exceptions.

The United States sued, on the 11th day of July, 1848, the sureties of McQueen, late postmaster at New Orleans, on their

bond dated 8th June, 1840, a copy of which bond, certified by the auditor of the Post-Office Department, was annexed to the petition, and therein referred to.

On the trial on the 8th day of May, 1849, being at the April term of the court, the Attorney for the United States offered in evidence to the jury the certified copy of the bond annexed to the petition, and therein referred to, to which the defendants objected; the judge sustained the objection, and refused to allow the said copy of the bond to be read in evidence to the jury; " whereupon the Attorney for the United States excepted to the ruling of the court," and tendered his bill of exceptions, which was signed and sealed by the judge, and entered on the record.

The counsel for the defendants, in their printed brief, have labored to prove that there is no bill of exceptions, because it is headed " April term, 1848;" " and recites twice distinctly in the body of the bill, that it was taken at a trial held at April term, 1848, and on Tuesday, the 8th day of April, 1848."

There is in the record an abundance to correct the mistakes seized and harped upon by the counsel for defendants, and to show, without doubt, that the bill of exceptions applies to the trial had on the 8th day of May, 1849, being at and during the April term of the court in the year 1849, and not at April term, 1848; that the mistake is by putting 1848 instead of 1849; all else is correct.

The suit is numbered 1727; the bill of exceptions is taken and spread upon the record in suit No. 1727.

The trial is in suit No. 1727; begun on 7th May, 1849, at the April term thereof, 1849; the trial is resumed on 8th May, 1849, in suit No. 1727, on which day and year the panel of the jury was completed and the verdict rendered and recorded.

Immediately succeeding, in suit " United States *v.* Wilkinson et al., No. 1727, April term," the bill of exceptions is entered of record, as of the proceedings in that very suit and no other.

There was no trial between the United States and Wilkinson et al. at April term, 1848.

The suit, " No. 1727," was instituted on the 11th day of July, 1848: and, therefore, there could not have been a trial in said suit, No. 1727, in April, 1848, before the suit was commenced.

There is no record showing that there was any suit pending or tried at April term, 1848, between the United States and Wilkinson and others, to which a bill of exceptions could apply. The maxim is, " *De non apparentibus et de non existentibus eadem est ratio.*"

The petition, after setting forth the bond, refers to a certified copy thereof, annexed to the petition; and the bill of exceptions states that the Attorney of the United States offered to read in

evidence to the jury the instrument " being the bond annexed to the petition, or information in this cause," . . . " dated on the 8th day of June, in the year, 1840."

Upon the whole record it is manifest that the bill of exceptions was tendered, signed, sealed, and enrolled, in this suit, No. 1727, at the April term, 1849, and in no other.

The bill of exceptions is certified, and comes up as a part of the record in the case, No. 1727, in which the writ of error was prayed and granted.

No principle is clearer than that an error of description in one part of a deed, record, or other instrument, may be corrected by other descriptions in the same deed, record, or instrument.

The copy, as certified by the auditor of the Post-Office Department, was legal evidence, according to the act of Congress of 2d July, 1836, § 15. 5 Stat. at Large, 82.

The bill of exceptions is to a single point; a single opinion of the judge in refusing to suffer the certified copy of the bond by the postmaster and his sureties, " annexed to the petition, or information in this cause," to be read in evidence to the jury.

If the counsel for the defendants, in the court of original jurisdiction, assigned no specific cause of objection to the testimony offered, or did not choose that his cause of objection should be set down in the bill of exceptions; and if the judge did not give any reason for refusing to suffer the certified copy of the bond to be read in evidence, and did not choose to insert his reason (if he had any) for refusing to suffer the certified copy of the bond to be read in evidence to the jury, the want of such cause of objection, and the absence of the reason of the judge for such ruling of the objection to the testimony, cannot be attributed to the District Attorney as his fault, nor be charged as a defect in the bill of exceptions.

As to the cases cited in the brief for the defendants, it seems to me they are foreign to the matter of this bill of exceptions, which states clearly the point ruled by the judge, and presents a single, distinct, and substantive case of a rejection of the evidence offered by the plaintiff as the matter to be reviewed by the appellate court.

The counsel for the defendants in error contended, that the record shows nothing but a petition or declaration, — the pleas and answers of the defendants, the trial by jury, the general verdict for defendants, and judgment rendered in accordance with that verdict. There is in the record no bill of exceptions, nor any thing else presenting a question of law for the consideration of this court — nothing to support a writ of error; and it would, therefore, appear certain that the judgment of the Circuit Court must be affirmed.

But at page 17, of the printed transcript, is to be found a paper called a bill of exceptions. It is headed "April Term, 1848," and it recites twice, distinctly, in the body of the bill, that it was taken at a trial held at the April term, 1848, and on Tuesday the 8th day of April, 1848.

It appears by the transcript, that the verdict and judgment complained of by the plaintiffs in error, were rendered in May, 1849, and that the trial of the cause, which resulted in that verdict and judgment, took place in May, 1849, thirteen months after the date of the only bill of exceptions found in the record.

It is therefore plain that no bill of exceptions was taken at the trial of the cause, or noted at the trial, and subsequently sealed *nunc pro tunc.* This court cannot therefore take any notice of this bill of exceptions as forming part of the record, nor will it consider the matter contained in it. Walton *v.* United States, 9 Wheat. 651; *Ex parte* Martha Bradstreet, 4 Pet. 102; Sheppard et al. *v.* Wilson, 6 How. 261; Law *v.* Merrills, 6 Wend. 269; 7 Serg. & Rawle, 219; 8 Id. 211.

But if it should be found possible by any means to connect the bill of exceptions, printed at page 17, and dated at the April term, 1848, with the trial which occurred in May, 1849, then the defendants in error submit that said bill cannot be sustained as affording a ground for reversing the judgment of the Circuit Court.

It is impossible to understand, from that bill, what was the document offered in evidence, or what was the objection made to its admission, or what was the point of law decided by the court. It exhibits no fact nor circumstance which can enable this court to determine whether or not the court below erred in rejecting the paper, whatever it may have been, that was offered to be read to the jury.

The bill states that: "The attorney of the United States offered in behalf of the United States, to be read in evidence to the jury, a certain instrument, being the bond annexed to the petition or information in this cause, being an authentic copy of a bond signed by William McQueen as principal, and the parties herein defendants as sureties, for the faithful discharge of the duties of the office of postmaster at New Orlèans, dated on the 8th day of June, in the year one thousand eight hundred and forty; to the reading in evidence of which bond, the counsel of defendants objected, and the court sustained the objection, and refused to allow the document to be read."

How is it possible to ascertain, from this statement, whether the decision of the judge was right or wrong? The bill of exceptions declares that the paper which was offered was an instrument, a bond, a copy of a bond and a document   The

statement seems to imply that there were two papers, a bond and a copy of a bond, and does not specify which of the two was offered in evidence, nor can it be discovered what was the objection sustained by the court. All the presumptions of the law are in favor of the correctness of the decision of the judge. It may be that the copy was rejected because the original had already been offered, and the copy therefore inadmissible and irrelevant: it may be that the bond was rejected because it was mutilated, or that there were erasures on its face not accounted for; or for some other good and legal cause of objection. This court has always held that the party taking exception is confined to the specific objection made at the trial: that the point excepted to must be shown. In the present case the point, that is, the question of law, does not appear; the fact alone is stated that some objection was made, and that the document was not received in evidence, but the point of law raised at the trial, to wit, the nature of the objection, does not appear and cannot be ascertained.

In Dunlop v. Munroe, 7 Cranch, 270, the language of Mr. Justice Johnson is: "Each bill of exceptions must be considered as presenting a distinct and substantive case; and it is on the evidence stated in itself alone that the court is to decide. We cannot go beyond it and collect other facts which must have been in the minds of the parties, and the insertion of which in this bill of exceptions could alone have sanctioned the opinion as prayed for." Chief Justice Marshall lays down the same rule in Pendleton v. United States, 2 Brock C. C. R. 80. See also Hinde's Lessee v. Longworth, 11 Wheat. 209.

In a subsequent case this court censured the practice of excepting generally to a charge of a judge, and declared that it would dismiss the writ of error unless the rulings objected to were specifically pointed out. Stimpson v. West Chester R. R. Co. 4 How. 380; Zeller's Lessee v. Eckert et al. 4 Id. 297.

The principle that the party taking the exception must state the point, and is confined to that alone, is established in the jurisprudence of every State to whose Reports we have access. We refer to Bacon's Abridg. vol. 2, p. 113, edition of 1846, and authorities there cited. Also Raymond on Bills of Exceptions, p. 33.

In Louisiana, where the State practice has been adopted in the federal courts, a long and unbroken series of decisions recognizes this principle to its fullest extent. Pratt v. Flower, 2 N. S. 333; Balfour v. Chew, 5 N. S. 519; Miller v. Breedlove, 1 L. R. 323; Ohio Ins. Co. v. Edmondson, 5 L. R. 301; Holmes v. Holmes, 6 L. R. 471; Keene v. Relf, 11 L. R. 309; Hennen v. Wetzel, 12 L. R. 265. In the case last cited the bill of ex-

ceptions was taken to the offering in evidence of a promissory note, the ground being stated in the bill to be "a very material variance between the note offered in evidence and that described in petition." The court refused to examine the bill of exceptions because it did not set forth in what the variance consisted, although both the note and petition were copied into the transcript.

The counsel for the defendants in error also referred to the following authorities: Kensington *v.* Inglis, 8 East, 280; Carroll *v.* Peake, 1 Pet. 21; 4 Phillips on Evidence, edition of 1850, with notes by Cowen and Hill and Vancott, p. 778, where all the authorities are collected.

Mr. Chief-Justice TANEY delivered the opinion of the court.

This action was brought against the defendants in error as sureties in the official bond of William McQueen, who was appointed postmaster at New Orleans in 1840.

The proceeding was by petition according to the practice in Louisiana, and a copy of the bond was set forth in the petition, and also annexed to and filed with it, and the United States alleged that McQueen had received, as postmaster, twenty thousand and sixty dollars and ninety-two cents, which he had neglected and refused to pay over.

The defendants, in their answers, took three grounds of defence:

1. They admitted their several signatures to the bond set forth in the petition, but denied that it had ever been delivered by them or accepted by the Postmaster-General.

2. That there had been a former recovery against them for the same cause of action.

3. That the suit was barred by limitations, not having been instituted against the sureties within two years after the default of the postmaster.

At the trial the jury found a verdict for the defendant, and judgment was entered accordingly, and the United States have brought this writ of error upon the judgment.

It appears by the record duly certified to this court, that the following exception was taken:

*United States* v. *Wilkinson et als.*

*Bill of exceptions.*

The UNITED STATES
     *v.*            } No. 1727.
J. B. WILKINSON et al.

The United States *v.* Wilkinson et al.

*In the Circuit Court of the United States, for the Fifth Circuit sitting for the Eastern District of New Orleans.*

Present, Hon. T. H. McCaleb, Judge of the District Court, presiding alone.

*April term,* 1848.

Be it remembered, that at the April term of the Circuit Court aforesaid, in the year 1848, on Tuesday, the 8th day of April, 1848, on the trial of the above-named cause, the attorney of the United States offered in behalf of the said United States to [be] read in evidence to the jury a certain instrument, being a bond annexed to the petition or information in this cause, being an authentic copy [of] a bond signed by William McQueen as principal, and the parties herein defendant as sureties, for the faithful discharge of the duties of the office of postmaster at New Orleans, dated on the eighth day of June, in the year one thousand eight hundred and forty; to the reading in evidence of which bond the counsel of defendants objected, and the court sustained the objection, and refused to allow the document to be read.

Whereupon the attorney of the United States excepted to the ruling of the court, and tenders this as his bill of exceptions, praying that the same may be signed by the court, and made a part of this record.          Theo. H. McCaleb.    [seal.]
                                                    *U. S. Judge.*

This exception, it will be observed, states that it was taken on the 8th day of April, 1848; and the record shows that the suit was not instituted until the 11th of July in that year, and that the trial took place on the 7th and 8th of May, 1849; and that the verdict was rendered on the day last mentioned.

It is insisted on behalf of the defendants that, as this exception is stated to have been taken on the 8th of April, 1848, more than a year before the trial, it cannot be regarded by this court as an exception legally taken, nor noticed in its judgment. And, further, that if it be considered as an exception regularly taken and certified, yet the opinion of the court rejecting the testimony was correct.

The exception is certainly very loosely framed, and the date above mentioned cannot be reconciled with the rest of the record. It is evidently a clerical mistake, arising, most probably, from the pressure and hurry of business, which is sometimes unavoidable in a court of original jurisdiction. For the titling at the head of the exception states it to be taken in No. 1727, which is the number by which this suit appears to have been marked in the Circuit Court throughout the proceedings; and in the body of the exception it is said to be offered at the trial

There is nothing in the record from which it can be inferred that a suit was pending between the same parties on the 8th of April, 1848. And this exception is regularly certified by the Circuit Court as a part of the proceedings in this case, and as one taken at the trial. This certificate from the Circuit Court, is conclusive upon this court, and the exception must be regarded as duly taken and regularly brought up by the writ of error.

With respect to the opinion excepted to, we can see no ground for rejecting the testimony. The exception in substance states that the District Attorney offered to read in evidence a certain instrument, annexed to the petition, being an authentic copy of a bond signed by the defendants, as sureties for McQueen. It is admitted by the answers, that the defendants had signed the original bond of which this is a copy: and moreover, the copy offered is said to be authentic. The possession of the original bond by the proper officers of the United States, was *primâ facie* evidence that it had been delivered and accepted. The bond was a necessary part of the evidence in behalf of the United States, and as the copy was duly authenticated, according to the act of Congress, we are at a loss to understand upon what ground it could have been rejected.

It is said that there might have been objections which do not appear in the exception, and that every presumption is to be made in favor of the judgment of the inferior court, and that it is to be presumed right until the contrary appears. This is true. But the contrary does appear in the present case. If, indeed, the exception had merely stated that the plaintiff offered a certain paper without describing it, or without showing its application to the matter in controversy, and the court had rejected it without stating the grounds of its decision, undoubtedly the judgment would be presumed to be correct.

But here the paper is shown by the statement in the exception to be legally admissible. The error, therefore, is apparent; and no presumption can be made in favor of a judgment, where the error is apparent on the record.

If there was any fact which, notwithstanding the authentication of the copy, made it inadmissible, it ought to have been shown by the defendants, and set forth in the exception. And where no such fact appears, it must be presumed not to exist. A contrary rule would make the right to except of no value to the party, and would put an end to the revisory power of the appellate court whenever the inferior tribunal desired to exclude it — "*De non apparentibus et de non existentibus eadem est ratio,*" is an old and well-established maxim in legal proceedings, and is founded on principles of justice as well as of law. And for error

in rejecting the testimony which upon the facts in the exception ought to have been received, the judgment of the Circuit Court must be reversed.

### *Order.*

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby reversed, and that this cause be, and the same is hereby remanded to the said Circuit Court, with directions to award a *venire facias de novo.*